44    81
123   350

44    81
151   467

44    81
46a   561

44      81
105a  ¹122
105a  ⁴564

## The Town of Lake View

*v.*

## Frederick Letz *et al.*

1. Nuisance — *concerning power of certain town officers — to prevent as a nuisance the location of a cemetery.* When, by an act of the legislature, certain officers of the town of Lake View were created a board of trustees, with power, among other things, "to abate and remove nuisances, and punish the authors

6 — 44th Ill.

thereof by penalties, fines and imprisonment, and to authorize and direct the summary abatement thereof;" and such board of trustees, under this authority, passed an ordinance, forbidding any cemetery to be opened in the town, without first obtaining their permission, under pain of a certain penalty, — *held,* that he board of trustees had no power, under this grant, to prohibit, in advance, the establishment of any cemetery except as authorized by the board.

2. DECREES — *not affected by subsequent legislation.* When, by a decree of court, a town ordinance was declared invalid, and afterward, by an act of the legislature, the ordinance in question was declared valid, such act made the ordinance valid only from the day of its own passage, and cannot affect the question of error in a decree rendered prior to that date.

3. NUISANCES — *injunction.* Where the thing complained of is not necessarily a nuisance, but may or may not be so, according to circumstances, a court of chancery will not stay a party until the matter has been tried at law, or, in special cases, by a jury, on an issue directed out of chancery.

4. And where the alleged nuisance consists in the obstruction of a street, there is, unless in rare and exceptional cases, a complete remedy at law, to which resort must first be had, and in which the right must be established.

5. So, where it is proposed to establish a cemetery in a town, a court of chancery will not interpose its preventive power, upon the alleged grounds that the cemetery will be injurious to the public health, and that it will obstruct certain streets which have been dedicated to the public.

WRIT OF ERROR to the Superior Court of Chicago.

The facts in this case are sufficiently stated in the opinion.

Messrs. GOUDY & CHANDLER, for the plaintiff in error.

Messrs. GALLUP & PEABODY, for the defendants in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The town of Lake View was incorporated by a special act of the legislature in 1857; and, by another act, approved February 16, 1865, the supervisor, assessor and commissioners of highways were declared a board of trustees. Various powers for municipal government were conferred upon them, and among others the power " to abate and remove nuisances, and punish the authors thereof by penalties, fines and imprisonment, and to authorize and direct the summary abatement thereof." Assuming to act under the authority here given, the board of trustees passed an ordinance in April, 1866, forbidding any

cemetery to be opened in the town without the permission of the trustees, and providing a penalty for a violation of the ordinance.

This is a bill in chancery brought by the town to enjoin the defendants from establishing a cemetery, which it is alleged, they were about to establish within the limits of the town. On the hearing the Superior Court dismissed the bill.

The decree of the Superior Court was proper. The act of the legislature authorizing the board of trustees " to abate and remove nuisances," gave them no power to pass an ordinance forbidding the establishment of a cemetery. Conceding that the power to " abate and remove," should be construed as including the power to prevent, yet this preventive power could only be exercised in reference to those things that are nuisances in themselves, and necessarily so. There are some things which in their nature are nuisances, and which the law recognizes as such. There are others which may or may not be so, their character in this respect depending on circumstances. Now, the town of Lake View is a rural township, containing about eleven sections or square miles of territory. It is therefore impossible to hold, that a cemetery, anywhere within the limits of the town, must be necessarily a nuisance, and can be prohibited in advance as such. A cemetery may be so placed as to be injurious to the public health, and therefore a nuisance. It may, on the other hand, be so located and arranged, so planted with trees and flowering shrubs, intersected with drives and walks, and decorated with monumental marbles, as to be not less beautiful than a public landscape garden, and as free from all reasonable objection. The power to prohibit the establishment of cemeteries except by the authority of the trustees cannot be considered as falling within the power to abate and remove nuisances.

Neither, for the same reason, did the power to pass this ordinance arise under that clause in the law of 1865, giving the trustees the power to regulate and restrain places " where any nauseous, offensive, or unwholesome business may be carried on." To establish a rural cemetery and to inter the dead

therein would not necessarily nor probably be a business of this character.

It may be conceded that the trustees had the right, under these grants of power, to pass an ordinance regulating or restraining the use of any specific cemetery within its limits, on the ground that its use would be injurious to public health, and therefore a nuisance, and such an official determination on the part of the town authorities would be entitled to the respect that such municipal action always receives in courts of justice. All that we decide is, that the trustees had no power, under this grant, to prohibit in advance, the establishment of any cemetery except as authorized by the trustees.

We are referred, however, to an act of the legislature, approved March 5, 1867, by which the ordinances theretofore passed by the town of Lake View, are declared valid. The final decree in this case was made on the 21st day of November, 1866, and before the passage of this law. The act would make the ordinances valid only from the date of its own passage, and cannot affect the question of error in a decree rendered prior to that date.

We cannot, therefore, reverse this decree, merely because of this ordinance of April, 1866.

It is urged, however, that independently of this prohibitory ordinance, the town has the right to invoke the chancery powers of the court to restrain a nuisance, and that the cemetery in question will be a nuisance not only because injurious to the public health, but because it will obstruct certain streets which, it is alleged, have been dedicated to the public.

We had occasion in the case of *Dunning* v. *The City of Aurora*, 40 Ill. 481, to examine the jurisdiction of courts of chancery in abating nuisances. We there held, following adjudged cases of high authority, that where the thing complained of is not necessarily a nuisance, but may or may not be so according to circumstances, a court of chancery will not stay a party until the matter has been tried at law, or, in special cases, by a jury on an issue directed out of chancery. We also held that where the alleged nuisance consists in the obstruction of a

street, there is, unless in rare and exceptional cases, a complete remedy at law, to which resort must first be had, and in which the right must be established.    See also *Bliss et al.* v. *Kennedy*, 43 Ill. 67.    There is nothing in the record before us to take this case out of the general rule, or to justify a resort to the preventive power of the court.    It falls fully within the principle of both the cases above quoted.

The decree must be affirmed.

*Decree affirmed.*