THE VILLAGE OF DES PLAINES

*v.*

BENJAMIN POYER.

*Filed at Ottawa January 20, 1888.*

1. MUNICIPAL CORPORATION—*of the right to declare what are nuisances.* The power given by law to incorporated cities and villages to declare what shall be a nuisance, does not authorize a village to declare that a nuisance which is not such in fact.

2. SAME—*power to declare picnics and open air dances nuisances.* Public picnics and open air dances are not, in their nature, nuisances, and can

not be so declared by ordinance. The manner of conducting them may be productive of annoyance and injury to the public, and since the nuisance must consist in this, an ordinance should be directed thereto. The question whether they are so conducted as to become a nuisance, must be settled as one of fact, and not of law.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Criminal Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. STILES & LEWIS, and Mr. C. S. CUTTING, for the appellant:

The statute authorized the ordinance in question. Rev. Stat. art. 5, sec. 1, clauses 41, 66, 72, 75, 96, relating to cities and villages.

The validity of the ordinance is a question of law, for the court. *Peoria* v. *Calhoun*, 29 Ill. 317; 2 Dillon on Mun. Corp. sec. 327.

The ordinance is a reasonable exercise of the power conferred by the statute. *Goddard* v. *Jacksonville*, 15 Ill. 588; *Roberts* v. *Ogle*, 30 id. 459; *Railway Co.* v. *Lake View*, 105 id. 207; *Harmon* v. *Chicago*, 110 id. 400; *Rex* v. *Moore*, 3 B. & A. 184; *Rex* v. *Carlisle*, C. & P. 628; *Barker* v. *Commonwealth*, 19 Pa. St. 412; *Commonwealth* v. *Spratt*, 14 Phil. 365.

When a municipal corporation is vested with general power to declare what shall be deemed a nuisance, in all cases where a thing may or may not be a nuisance, according to circumstances, its decision is conclusive. *Railway Co.* v. *Lake View*, 105 Ill. 213; *Hart* v. *Albany*, 3 Paige, 213; *Mayor* v. *Gustach*, 33 La. Ann. 1011; *Green* v. *Savannah*, 6 Ga. 1.

Mr. JOHN GIBBONS, for the appellee:

The village authorities have not the right to declare that a nuisance which is not one in fact. Dillon on Mun. Corp. sec. 374; *Darst* v. *People*, 51 Ill. 286; *Yates* v. *City of Milwaukee*, 10 Wall. 497.

Mr. Justice Scholfield delivered the opinion of the Court:

The only question involved in the present case is the validity of the following ordinance:

"Sec. 1. That all public picnics and open air dances within the limits of said village are hereby declared to be nuisances.

"Sec. 2. That for any person or. persons to rent, use, or allow to be used, any yard, ground, grove or other real estate within the corporate limits of the village of Des Plaines, for public picnic purposes, or for open air dances, or to permit or in any way allow the use of such property for any purpose by which disorderly persons are gathered in or about said village of Des Plaines, shall constitute and is hereby declared to be a nuisance. Any person creating or permitting any nuisance mentioned and declared in this ordinance to exist, having the right or power to abate the same, shall be subject to a fine of not less than $50, and not exceeding $100; in every case; and each renting, using, or allowing to be used, of any such premises for the purposes aforesaid, or any of them, shall be deemed the creating of a new nuisance, and the author thereof be subject to a like fine."

The village is incorporated under the general law in relation to the incorporation of villages, and is by that law empowered to declare what shall be a nuisance; but this does not authorize the village to declare that a nuisance which is not so in fact. Wood on Nuisances, p. 773, sec. 740; *Chicago* v. *Laflin,* 49 Ill. 172; Dillon on Mun. Corp. (3d ed.) sec. 374.

It was said in *Town of Lake View* v. *Letz,* 44 Ill. 81: "There are some things which in their nature are nuisances, and which the law recognizes as such. There are others which may or may not be so, their character, in this respect, depending on circumstances." And in the latter instance it is manifestly beyond the power of the village to declare in advance that those things are a nuisance, and so it was held in that case.

The question when the thing may or may not be a nuisance, must be settled as one of fact, and not of law.

That public picnics and public dances are not in their nature nuisances, we think is quite clear. They are not in the list of common law nuisances enumerated in the text books. See 4 Blackstone's Com. (Sharswood's ed.) p. 166, *167, *et seq.;* 1 Hawkins' Pleas of the Crown, (Curwen's ed.) p. 694; Wood on Nuisances, p. 32, sec. 23, *et seq.* Nor is there anything necessarily harmful in the nature of either, more than in that of any other public amusement. When conducted with proper decorum and circumspection, and remote from public thoroughfares, it is impossible to conceive how any public injury or annoyance can result. That the manner of conducting them may bé productive of annoyance and injury to the public is not to be questioned, but since the nuisance must consist in this, and can not consist in the mere fact that there is a picnic or dance, the ordinance should be directed only to it.

While the right of the people to be free from disturbance and reasonable apprehension of danger to person and property is to be respected and jealously guarded, the equal right of all to assemble together for health, recreation or amusement in the open air is no less to be respected and jealously guarded. Because a privilege may be abused, is no reason why it shall be denied. We concur in the views expressed by the Appellate Court when the case was before it. *Poyer* v. *Village of Des-Plaines,* 22 Bradw. 584.

The judgment is affirmed.

*Judgment affirmed.*