## CITY OF EVANSVILLE ET AL. *v.* MILLER.

[No. 18,032.    Filed January 26, 1897.]

146  613
155  388
156  642
146  613
160   59
146  613
f168  287

MUNICIPAL CORPORATIONS.—*Power of Common Council in Declaring What Shall Constitute a Nuisance.*—A municipal corporation although authorized by its charter to declare what shall constitute a nuisance, may not declare that to be a nuisance which in fact is not.

SAME.—*Cities.—Invalid Ordinance.—Partially Burned Building Not a Nuisance.*—Under section 23 of the act governing cities having more than fifty thousand and less than one hundred thousand population as amended by section 4 of the Act of March 11, 1895, authorizing such cities to declare what shall constitute a nuisance, an ordinance declaring a partially burnt building to be a nuisance irrespective of its actual condition or location, is invalid.

From the Vanderburgh Superior Court. *Affirmed.*

*G. A. Cunningham* and *E. Q. Lockyear,* for appellants.

*Gilchrist & DeBruler,* for appellee.

JORDAN, C. J.—This action was instituted by appellee to prevent the collection of certain assessments, levied by the board of public works of the city of Evansville on certain real estate owned by appellee and situated within the city. The theory of the complaint is that this assessment of $199.00 is void by reason of the invalidity in part of an ordinance under which the city undertook to levy said assessment. A trial resulted in a finding by the court in favor of appellee, and a judgment was awarded canceling the assessment and adjudging void the lien claimed thereunder by the city.

The facts in the record show that the appellee, Miller, in May, 1895, became the owner, by purchase, of lots 6, 7, 8 and 9, in block 7, of Goodsell's enlargement of the city of Evansville, and that the dwelling house situated on said premises at the time he became the owner thereof had been partially destroyed by fire. On June 24, 1895, the common council of that city passed an ordinance defining nuisances, etc. The first section of this ordinance provided as follows:

"Be it ordained by the common council of the city of Evansville, *That any building, shed, outhouse or structure of any kind that shall be partially destroyed by fire, or from any other cause, and shall be suffered by the owner thereof to remain in such condition, after being notified by the Department of Public Works to remove, repair or rebuild the same, shall constitute a nuisance.* Any building, shed, outhouse, or structure of any kind that shall become filthy or unwholesome is hereby declared to be a nuisance."

The part assailed by the appellee as invalid is indicated by italics. Section two provides that whenever the department of public works shall have knowledge "that any nuisance such as is defined in section one of this ordinance exists in said city, it shall there-

upon make an order requiring the owner thereof to abate the same within such time as said department may fix." This section further provides for giving notice to such owner, of the order, and declares it lawful for said department to remove such buildings or structures in whole or in part by persons employed by it, or by letting such work by contract, etc. Section three contains provisions for assessing the cost of the removal of the building against the real estate in like manner as assessments of benefits are made. On July 13, 1895, the department of public works of the city, under this ordinance, made an order as follows:

"And now it is ordered by the department of public works of the city of Evansville:

"That, Whereas, the buildings situate on lots 6, 7, 8, and 9, in block 7, in Goodsell's enlargement in said city, have been partially destroyed by fire, and have been suffered by the owner thereof to remain in such condition for a period of twelve months, and by reason thereof have created a nuisance.

"Now, therefore, it is ordered by said department that the owner of said real estate abate said nuisance by the removal of the whole of said building, or so much thereof as remains unconsumed, together with all offal, dirt, debris of every kind situate thereon, on or before the 17th day of August, 1895.

"And it appearing that John A. Miller, the owner of said real estate, is a nonresident of the city of Evansville, it is ordered that he be notified of this resolution by publication in a newspaper published in said city.

"At the expiration of said time, if such owner shall not have abated such nuisance, this department will proceed to abate the same by the removal of such structure, and by such other means as may be deemed necessary."

After the time designated in this order for the removal of the building by appellee, the board of public works made the following order for its removal:

"It is hereby ordered and directed by the board of public works of the city of Evansville that the clerk advertise for bids for removing all that part of the 'Jordan Giles' residence on Washington avenue, above the stone foundation, stacking all good lumber and brick on the premises and removing all rubbish and burnt lumber from the premises."

It was admitted by the parties in the lower court that the proceedings by the city in the matter in controversy were regular and consistent with the requirements of the ordinance, and that the assessment to the amount of $199.00 was made against the real estate of appellee as alleged in the complaint, and that appellant, Schwacke, had complied with his contract in removing the partially destroyed building from the premises in question.

It is clear, we think, that the city of Evansville, through her duly constituted authorities, in ordering the removal of this partially destroyed building, and in assessing the expense of such work upon appellee's real estate, proceeded under that part of section one of the ordinance which declares "that any building, etc., that shall be partially destroyed by fire, etc., and suffered by the owner to remain in such condition after being notified, etc., to remove, repair, etc., shall constitute a nuisance." The controlling question, therefore, for our decision is that which relates to the validity of this portion of the ordinance, for, as this is the basis upon which the city's proceedings rest, its invalidity must necessarily render them inoperative and void. Counsel for appellee deny that the common council of the city of Evansville has, either expressly or impliedly, the power to declare by ordinance that

City of Evansville *et al.* *v.* Miller.

a building partially destroyed and suffered to remain in that condition, shall, by reason of such facts alone, necessarily constitute a nuisance. It will be seen that the ordinance in dispute ordains "that any building, etc., partially destroyed by fire, or any other cause, and suffered to remain in such condition after notice to the owner, etc., shall constitute a nuisance." The latter is declared to exist as the result of these naked facts, and authority is given to the department of public works to abate such declared nuisance at the expense of the owner of the property. These facts alone are the test. The ordinance erects no other standard by which the supposed nuisance is to be measured or determined. No reference or regard whatever is had as to the condition, character, situation or surroundings, which might tend to render the building unsafe in any manner to the public, or a detriment to the health or inconvenience of the public. There is an entire absence of facts declared, tending to show that if such partially destroyed building is suffered to remain it may be productive of annoyance or injury to the public.

That such a building may become a nuisance if maintained by reason of the ruinous and weak condition of its walls or other parts, thereby rendering them liable to fall and do injury to persons passing by, or resulting in injury to an adjoining owner, is a well established legal proposition. It is said by an eminent author, that such a building, as last mentioned, on a public street is a public nuisance and a private nuisance to those owning property adjacent to it. Wood's Law of Nuisances, section 109. It is evident, however, that in such a case the nuisance would not consist alone in the fact that the building was one that had been partially destroyed, but in its being maintained in its unsafe or dangerous condition.

It may, however, be maintained in a partially destroyed condition, and yet be harmless in all respects. The unsafe condition thereof depending on the extent of the destruction, and another feature to be considered would be whether it was remote from a public street or passway. But the ordinance does not take into account any of these facts or features, but expressly condemns and outlaws as a nuisance the maintaining of any partially destroyed building without regard to its character, as to danger, by reason of its weak condition, or location or surroundings. By section 23 of the act under which the city of Evansville is operating, its common council is empowered to declare what shall constitute a nuisance, and to require its abatement, and to assess the expenses of its removal against the person causing the same or suffering it to exist. Acts 1895, p. 259. But the rule is well settled that a municipal corporation, although empowered by law to declare what shall constitute a nuisance, may not declare that to be one which in fact is not. *First Nat. Bank, etc.,* v. *Sarlls,* 129 Ind. 201, and authorities there cited; *Baumgartner* v. *Hasty,* 100 Ind. 575; *Village of Des Plaines* v. *Poyer,* 123 Ill. 348, 14 N. E. 677; *City of Denver* v. *Mullen,* 7 Col. 345, 3 Pac. 693; *Everett* v. *City of Council Bluffs,* 46 Ia. 66; *Yates* v. *Milwaukee,* 10 Wall. 497; Tiedeman Lim. Police Powers, section 122; Wood's Law of Nuisances, sections 742, 743 and 744; *Lippman* v. *City of South Bend,* 84 Ind. 276; Dillon Munic. Corp., section 374; *State* v. *Jersey City,* 29 N. J. L. 170; Beach. Pub. Corp., sections 1026, 1029 and 1031.

In *Yates* v. *Milwaukee, supra,* the Supreme Court of the United States, in considering the power conferred upon the city of Milwaukee to declare what shall constitute a nuisance, per Justice Miller, said: "It is a doctrine not to be tolerated in this country,

that a municipal corporation, without any general laws either of the city or of the state, within which a given structure can be shown to be a nuisance, can, by its mere declaration that it is one, subject it to removal by any person supposed to be aggrieved, or even by the city itself. This would place every house, every business, and all the property of the city, at the uncontrolled will of the temporary local authorities."

In the case of the *Town of Lake View* v. *Letz*, 44 Ill. 81, it is said: "There are some things which in their nature are nuisances, and which the law recognizes as such. There are others which may or may not be so, their character in this respect depending on circumstances."

In Tiedeman Lim., section 122a, it is said: "A certain use of lands, harmless in itself, does not become a nuisance, because the legislature has declared it to be so."

In *City of Denver* v. *Mullen, supra,* the Supreme Court of Colorado in construing a provision in the charter of the city of Denver conferring authority upon its council to declare what shall be a nuisance and to prevent and abate the same, held that such conferred power did not authorize the council to arbitrarily declare any particular thing a nuisance which had not theretofore been pronounced such by law or so adjudged by a judicial determination. In the course of the opinion, on page 353, the court said: "The proper construction of this language is, that the city is clothed with authority to declare, by general ordinance, what shall constitute a nuisance. That is to say, the city may, by such ordinance, define, classify and enact what things or classes of things, and under what conditions and circumstances, such specified things are to constitute and be deemed nuisances. For instance, the city might, under such authority,

declare by ordinance that slaughter houses within the limits of the city, carcasses of dead animals left lying within the city, goods boxes, and the like, piled up or remaining for a certain length of time on the sidewalks, or other things injurious to health, or causing obstruction or danger to the public in the use of ·the streets and sidewalks, should be deemed nuisances; not that the city council may, by a mere resolution or motion, declare any particular thing a nuisance which has not theretofore been pronounced to be such by law, or so adjudged by judicial determination."

. We think it is clear, under the authorities, that the common council, by the ordinance in controversy, attempted to declare that a nuisance which in fact, under the law, cannot be so considered, and therefore transcended the power with which it was invested. As asserted by the authorities, it would be a dangerous doctrine and fraught with much evil to recognize the authority of a municipal legislature to declare that a nuisance which its own caprice might deem proper to outlaw as such. · Even though such power is expressly conferred by the legislature, it is utterly inoperative, unless the thing so declared to be a nuisance is one in fact, or was created or erected after the adoption of the ordinance and in defiance thereof. Wood's Law of Nuisance, section 744.

· What the legislature cannot do directly in this re· spect it cannot authorize a municipal corporation to do. Without further extending this opinion, we are, under the authorities cited, constrained to hold that the part of section one of the ordinance, as indicated by the italics, is void for the reasons herein stated, and the proceedings thereunder by the city, involved in the case at bar, consequently, cannot be maintained.

Judgment affirmed. .