CITY OF ST. JOSEPH, PLAINTIFF IN ERROR, v. GEORGETOWN LODGE NO. 627, I. O. O. F., ET AL., DEFENDANTS IN ERROR.*

Kansas City Court of Appeals. December 17, 1928.

*Corpus Juris-Cyc References: Municipal Corporations, 43CJ, section 520, p. 403, n. 64; Nuisances, 46CJ, section 122, p. 696, n. 28.

*R. M. Duncan*, City Counselor, and *Lindsay & King* for plaintiff in error.

*C. W. Meyer* for defendant in error.

WILLIAMS, C.—This case comes to us from the circuit court of Buchanan county.

The petition seeks to enjoin the defendant in error from establishing a cemetery. The suit is predicated upon an ordinance of the city of St. Joseph which is as follows:

"An ordinance to prohibit the establishment or maintenance of cemeteries within the city of St. Joseph or within one mile of the limits thereof; providing penalties therefor; and defining and declaring such cemeteries to be nuisances."

"Be it ordained by the Common Council of the city of St. Joseph, as follows:

"Section 1. It shall be unlawful for any person, persons, associations, or corporation hereafter to locate and establish any cemetery within the city of St. Joseph, or within one mile of the limits thereof; or to maintain any such cemetery hereafter located and established.

"Section 2. Any such cemetery hereafter located and established is hereby defined and declared to be a nuisance.

"Section 3. Any person, persons, association, or corporation which shall hereafter locate and establish any such cemetery, or who shall maintain any such cemetery hereafter located and established shall be deemed guilty of a misdemeanor, and shall be punished by a fine not to exceed one hundred ($100) dollars for each and every offense; and each day any such cemetery shall be maintained shall be deemed to be and shall constitute a separate and new offense."

The evidence showed that a part of the ground sought to be used for the purpose of a cemetery was within a mile of the city limits of the city of St. Joseph. The evidence adduced did not show any drainage that would endanger the health of the inhabitants of the city of St. Joseph. The chancellor found for the defendant and declared the ordinance void upon its face and dismissed the bill.

After an unsuccessful motion for a new trial the case comes here on a writ of error.

There seems to be two questions for determination. First, has the city a right to declare that a nuisance which is not in fact a nuisance? and second, is a cemetery a nuisance *per se?*

Upon the first question the Supreme Court in St. Louis v. Heitzberg Packing Co., 141 Mo. 375, l. c. 383-384, said:

"By its charter (2 R. S. Mo. 1889, p. 2098, clause 6 of section 26) the city of St. Louis is authorized 'to declare, prevent and abate nuisances on public or private property, and the causes thereof.'

"It will be observed that it is not specifically empowered to declare the emission of thick smoke within the city limits to be a nuisance *per se*. Notwithstanding the broad terms in which the power is given to declare nuisances, it is not competent for the city to declare that a nuisance which is not so in fact. We take it that the line of demarcation is quite plain under a municipal grant like this. As was said in Lakeview v. Letz, 44 Ill. 81, and quoted with approval by Judge SCHOLFIELD in the Village of Des Plaines v. Poyer, 14 N. E. 677, 123 Ill. 348, 'there are some things which in

their nature are nuisances and which the law recognizes as such; there are others which may or may not be so, their character, in this respect, depending on circumstances. In the latter instance it is manifestly beyond the power of the municipality to declare in advance that those things are a nuisance.' "

While it is true that the court cannot substitute its discretion for that of municipal legislation (Kansas City v. McAleer, 31 Mo. App. 433), still the courts have always held that the city had no right by ordinance to make that a nuisance which is not in fact a nuisance. [Union Cemetery Assn. v. Kansas City, 252 Mo. 466.]

This brings us to the second question, viz.: are cemeteries nuisances *per se?* This question seems to have been authoritatively settled in Normandy Consol. School Dist. v. Harral, 286 S. W. 86, l. c. 90:

"A cemetery or burial ground is not a nuisance *per se,* even though it be near a residence property, but it may be, or become, a nuisance against which relief will be granted at the instance of those injured thereby," and the court cites in support of the conclusion reached the case of Union Cemetery Association v. Kansas City, 252 Mo. 466.

It is argued that a reasonable regulation of cemeteries comes within the police power of the cities, and cite many cases in support of that proposition. However, the ordinance before us cannot be defended upon that ground as it is not a regulation but a prohibition.

There is in some cases a different rule between a specific grant and a general grant of power, but it has never been held, so far as we are informed, even under a special grant of power that which is not a nuisance may be made one by ordinance.

The judgment is affirmed. *Frank, C.,* concurs.

PER CURIAM:—The foregoing opinion by WILLIAMS, C., is adopted as the opinion of the court. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.