## Mainiero v. Most Precious Blood Cemetery Ass'n et al.

*Adrian H. Jones*, for plaintiff; *Louis Perna*, for defendant.

VALENTINE, J., December 31, 1930.—On March 8, 1930, plaintiff filed his bill in equity, praying for an injunction restraining defendant cemetery association, its trustees, agents and employees, from burying dead bodies in that portion of the cemetery immediately adjacent to his property in the City of Hazleton, Luzerne County, Pennsylvania.

A preliminary injunction was granted as prayed for, and subsequently dissolved because of plaintiff's failure to file an injunction bond.

On April 11, 1930, defendants filed their answer.

The issue raised by the pleadings is the right of plaintiff to injunctive relief, restraining the burial of additional bodies and his right to a mandatory injunction requiring the removal of the bodies already interred.

### Findings of fact.

1. Plaintiff is the owner of lot No. 2 of square No. 1177 in the plan of the Diamond Addition in and to the City of Hazleton, which lot is situate on the east side of Cleveland Street, between Seventh and Ninth Streets, in said city. Plaintiff acquired title to this lot on August 28, 1918. Said lot is thirty-two feet in front on Cleveland Street, and 200 feet in depth.

2. The defendant, the Most Precious Blood Cemetery Association of Hazleton, Pennsylvania, is a duly incorporated cemetery association authorized to maintain a private cemetery in the City of Hazleton, and was incorporated March 28, 1919.

3. Defendant association, through Right Rev. M. J. Hoban, Bishop of Scranton, trustee, acquired title to lot No. 3 of square No. 1177 in the City of Hazleton, Pennsylvania, on January 18, 1919.

4. Defendant association, through Right Rev. M. J. Hoban, Bishop of Scranton, trustee, acquired title to lots Nos. 4, 5, 6, 7, 8, 9, 10 and 11 of square No. 1177 in the City of Hazleton, Pennsylvania, on December 7, 1922.

5. Defendant association, through Right Rev. M. J. Hoban, Bishop of Scranton, trustee, acquired title to lot No. 1 of square No. 1177 in the City of Hazleton, Pennsylvania, on July 14, 1926.

6. On August 28, 1918, when plaintiff acquired title to lot No. 2, it was improved with a frame dwelling, and at said time at least three cemeteries, in addition to the one conducted by the defendant association, were located in the vicinity.

7. About six years ago, the exact date not appearing, the house on lot No. 2 was destroyed by fire and plaintiff moved to another section of the city. He has not rebuilt and disclaims any intention of rebuilding.

8. Several bodies had been interred in the portion of the cemetery immediately adjacent to plaintiff's lot prior to the time of the filing of the bill in this case; and after the dissolution of the preliminary injunction, because of plaintiff's failure to file an injunction bond, additional bodies were interred.

### Discussion.

Plaintiff is the owner of an unimproved lot. The dwelling house formerly thereon was destroyed by fire about six years ago. He has not rebuilt and disclaims any intention of rebuilding. The burial of the first body in the portion of the cemetery nearest his property occurred in October, 1929.

A preliminary injunction restraining the burial of additional bodies was granted March 8, 1930, and dissolved May 12, 1930, because of plaintiff's failure to file an injunction bond.

The burial of dead in defendant's cemetery does not endanger life or health by corrupting the surrounding atmosphere or the water of wells or springs, which are the usual cases of injunctive relief. "When it appears that a place of sepulture is so situated that the burial of the dead there will endanger life or health, by corrupting either the surrounding atmosphere or the water of wells and springs, the court will grant its injunctive relief, upon the ground that the act will be a nuisance of the kind likely to produce irreparable mischief, and one which cannot be adequately redressed by an action at law:" 5 R. C. L. 236, § 3; McDaniel v. Forrest Park Cemetery Co., 156 Ark. 571, 246 S. W. 874; Village of Villa Park v. Wanderer's Rest Cemetery Co., 316 Ill. 226, 47 N. E. 104.

The case involves no probable injury to the health of the plaintiff or the members of his family, but only the question of the depreciation in value of his lot by reason of the close proximity of the cemetery and the burial of dead bodies therein. Under the circumstances, the plaintiff is not entitled to injunctive relief.

### Conclusions of law.

1. Plaintiff is not entitled to injunctive relief.
2. The bill should be dismissed.
3. Each party should pay his own costs.

### Decree nisi.

Ordered, adjudged and decreed that the bill of the plaintiff be dismissed and that each party pay his own costs.

From Frank P. Slattery, Wilkes-Barre, Pa.