(No. 21582.—

THE PEOPLE *ex rel.* T. Fred Laramie *et al.* Appellants, *vs.* HENRY W. TOLSTED *et al.* Appellees.

*Opinion filed December 23, 1932.*

JESSE MARCUS, for appellants.

JACOB E. DITTUS, and ODE L. RANKIN, for appellees.

Mr. CHIEF JUSTICE HEARD delivered the opinion of the court:

The relators, T. Fred Laramie and Kenneth K. Bullard, filed their petition for a writ of *mandamus* in the superior court of Cook county against Howard Ullrich and fifty-nine other respondents who on the 19th day of April, 1932, acted as judges and clerks of the election in the village of Maywood, and against Henry W. Tolsted and six other respondents who acted as a board of canvassers on said date in said village, and against Bernard Ward, village clerk, seeking to compel the judges and clerks to reconvene and tabulate the votes cast at the election in favor of the relators, and to compel the defendants acting as the canvassing board to canvass the returns to be made by the clerks and judges and declare the relator Laramie elected

as judge and the relator Bullard elected as clerk of the municipal court of Maywood, and for the respondent Bernard Ward to produce the ballots at a place and time designated by the court. The respondents filed their joint and several answers to the petition, to which answers the relators demurred generally and specifically. The cause was then heard on the demurrer to the answers. The demurrer was overruled, and, the relators electing to abide by their demurrer, judgment was entered dismissing their petition and taxing the costs against them, and this appeal followed.

The petition averred that the village of Maywood, a municipal corporation organized under the general laws of the State of Illinois, has a population of 25,829 inhabitants; that at an election held in the village on April 21, 1931, in accordance with the provisions of "An act in relation to municipal courts in cities and villages," in force July 1, 1929, a majority of the voters voted for the establishment of a municipal court in the village of Maywood; that thereafter, in conformity with the provisions of said act, the village board of Maywood by resolution declared the proposition for the establishment of a municipal court adopted; that the next general and municipal election following the adoption of the provisions of the act for the village of Maywood was to be held on Tuesday, April 19, 1932; that the relators caused to be filed nominating petitions in manner and form and within the time prescribed by law, with Harvey G. Meyer, then clerk of the village of Maywood; that Meyer received and filed the nominating petitions and that no objection was filed by any person thereto; that Meyer unlawfully refused to print the names of the relators as judge and clerk of the municipal court on the ballot which was used by the voters at the election held on April 19, 1932; that when the election was held the village of Maywood was divided into twelve precincts, and that a total of 207 qualified electors voted for the relator Laramie as judge and for the relator Bul-

lard as clerk of the municipal court by writing their respective names and their respective offices on the ballots used at the election; that such of the respondents acting as judges and clerks of the election, in pursuance of instructions issued to them by the village officials, unlawfully failed and refused to tabulate the 207 ballots so cast for the relators but marked said ballots "Defective," and failed and refused to certify to such of the respondents acting as a canvassing board the number of votes cast for the relators, and that such of the respondents acting as a canvassing board, with knowledge of the number of votes cast for the relators, unlawfully failed to canvass such votes and failed to certify to the election of the relators as judge and clerk of the municipal court of the village of Maywood, respectively. Respondents answered, among other things alleging that at an election duly held in pursuance of the act on December 16, 1931, in the village of Maywood, the majority of the voters voted "for the abandonment of a municipal court of the village of Maywood;" that the board of trustees, as a canvassing board, canvassed the returns of the election and declared upon the journal of their proceedings, as the result of the election, that the majority of the voters voting upon the proposition at the election had voted for the abandonment of a municipal court in the village of Maywood; that by the action of the voters and officials of the village of Maywood the municipal court of Maywood was abandoned, disestablished and no longer existed, and the respondents owed no duty or obligation thereafter to recognize the court in any manner or to recognize the nominating petitions of the candidates for judge and clerk of the supposed court or to recognize the votes cast at the election for the relators.

Many questions are raised, only one of which is it necessary for us to discuss. This is appellants' contention that the municipal court could not be legally abandoned before it was established, and that it was not established until a

judge and clerk thereof were elected. The act in question provides: "The election officials shall submit such proposition to the voters at such election in the manner provided by law. If a majority of the voters voting on the proposition are in favor thereof, then this act shall thereupon go into full force and effect. A municipal court, once established, may be abandoned by the same method as provided by this act for the establishment of said court, and in case of the abandonment of said court, the clerk of said city or village shall transfer and deliver the records, judgments and processes of such court to the circuit court of the county in which such court is situated in like manner and with like effect as if such had been transferred by the clerk of such municipal court." (Smith's Stat. 1931, sec. 50, p. 977.)

It is to be noted that by the statute no minimum time is fixed within which an election may be called for the disestablishment of the municipal court but simply provides that when once established it may be abandoned by the same method as provided for its establishment. In *Village of Villa Park* v. *Wanderer's Rest Cemetery Co.* 316 Ill. 226, it was said: "The word 'establish' has many meanings, varying with the subject matter with reference to which it is used. Webster's New International Dictionary gives this definition of the word 'establish' when used with reference to a State, a colony or other institution: 'To originate and secure the permanent existence of; to found; to institute; to create and regulate.'" It was there held that the ordinance of a village prohibiting the dedication and establishment of a cemetery within one mile of the corporate limits of the village could have no application to the premises in question, where the cemetery had been platted and lots sold with reference to the plat before the passage of the ordinance, although the work of preparing the land for cemetery purposes had not been completed and no burials had been made. In the act of the legislature at its first special 1931-32 session amending the Revenue act by

the addition of section 32a, whereby a board of appeals was "created and established," it is evident from the context that the legislature considered and intended that the board of appeals should completely be "established" prior to the appointment of its members. (Laws of First Special Sess. 1931-32, sec. 32a, p. 73.) The provisions of law for calling the special election of December 16, 1931, were complied with and more than two-thirds of the voters expressed themselves as favoring the disestablishment of the court. When the provisions of this statute are considered together, it would not be stretching the meaning of the word "establish" to hold that the court was established, so far as the provisions of this particular act were concerned, when, after the election of April 21, 1931, in conformity with the provisions of the act, the village board of Maywood by resolution declared the proposition for the establishment of a municipal court adopted. We can see no good legal reason why, when the majority of voters of the village came to the conclusion that a municipal court for the village was not necessary, they should be compelled to wait until a large liability had been unnecessarily incurred by the election of a judge and clerk, the procuring of books and records and a place for holding the court.

The municipal court of Maywood having been disestablished by the election of December 16, 1931, the offices of judge and clerk of the municipal court of the village of Maywood did not thereafter exist, and all votes cast at the election here in question for appellants for such offices were a nullity and appellees properly ignored such votes, and the judgment of the superior court of Cook county in this case must be affirmed.            *Judgment affirmed.*