## KILBURN v. CHILDERS et al.

### No. 4569.

Court of Civil Appeals of Texas. Amarillo.

Sept. 23, 1935.

Rehearing Denied Oct. 21, 1935.

Tatum & Strong and Schlofman & Merchant, all of Dalhart, for appellant.

B. N. Richards, of Dalhart, for appellees.

MARTIN, Justice.

Relator Childers filed suit against respondent Kilburn et al., seeking to enjoin the establishment and operation of a funeral home, alleged to be adjacent to the home of his family in the residential district of Dalhart. Other property owners intervened, seeking the same relief. A temporary injunction was prayed for, pending a final trial. The trial court heard the application for a temporary injunction after giving due notice of same. At this hearing the case was rather fully developed, and the trial court granted the relief prayed for, conditioned upon the execution of a bond in the sum of $2,000 by relator.

The general nature of this case is shown in the following excerpts from the petition filed by relator Childers:

"That if not restrained and injoined from so doing, the Respondents will establish in said property, an embalmers place and funeral home, where dead bodies of the human race will be brought and kept, and prepared for burial, and where great numbers of persons will attend funerals, and where persons will go for the purpose of locating and identifying their dead relatives; that divers and sundry malarious odors will be emitted from said place and fall upon complainant's dwelling house, which will be extremely malodorous and nauseating; that the bodies of dead persons who die from contagious diseases will be placed and kept in said morgue and dead house by the respondents; that they will keep hearses and ambulances there, in which to haul and convey dead and injured persons, and same will be so operated at all hours of the day and night, making great and grewsome and shrieking noises to the distress and alarm of complainant and his family, or his tenants, in said home, said place being only about fifty feet from complainant's premises, and there being no obstruction between them, complainant's place being located South of said proposed funeral home, and there are much North winds, which will blow over and upon said funeral home, and waft said odors, and contagion and disease in and upon complainant's home; that the odors from such dead bodies likely will be in many instances infectious and contagious, and will

constantly subject complainant and his family, and/or tenants to contagion and communicable diseases. * * *

"That conditions in said funeral home will be such that persons of ordinary temperament will be constantly alarmed for their health and safety, and constantly reminded of death and mortality, and will create in such persons, a morose disposition and state of mind and cause great mental anguish and anxiety; that said things will constantly remind complainant and his family and/or tenants of death and mortality, and will continue to cause them great mental anguish and anxiety, depriving them of the enjoyment and comfort of their home. * * *

"That funeral airs will arise from said home and place and settle upon complainant's home; great numbers of mourners for the dead will attend such funerals and exhibit great sorrow, wailing and distress of mind."

These were followed by specific allegations of damages and the amount thereof.

The purpose of a writ of the character found here is to preserve the status quo, pendente lite.

"The evidence is not reviewed for sufficiency as it would be upon appeal from a final judgment, but only to see if it supports the court's exercise of discretion." 24 Tex. Jur. 314; Whitaker v. Hill (Tex. Civ. App.) 179 S. W. 539; Hinckley-Tandy Leather Co. v. Hazelwood (Tex. Civ. App.) 35 S.W.(2d) 209.

The granting of the writ is always in the sound discretion of the court, unless the facts on which it is sought present only a question of law. Tyree v. Road Dist. No. 5 (Tex. Civ. App.) 199 S. W. 644.

In advance of a trial on the merits, we deem it inadvisable to go into a discussion of the evidence. In our opinion the trial court did not abuse its discretion, under the record before us, in granting a temporary injunction to preserve the status quo, pending a trial of this case on its merits.

The law in Texas respecting injunctions against the establishment and operation of funeral homes in residential districts of a city has been rather fully stated in the cases of Blackburn v. Bishop

(Tex. Civ. App.) 299 S. W. 264, and King v. Guerra (Tex. Civ. App.) 1 S.W.(2d) 373, 375. See, also, 87 A. L. R. p. 1061 et seq., where a multitude of authorities are collated.

Judgment affirmed.