## MAST v. OAKLEY–METCALF FUNERAL HOME.

### No. 3146.

Court of Civil Appeals of Texas. Beaumont.

Feb. 4, 1937.

Adams & McAlister, of Nacogdoches, for appellant.

Curtis Fenley, of Lufkin, for appellee.

WALKER, Chief Justice.

On the 14th day of December, 1936, appellant, H. R. Mast, filed his original petition in this cause against appellees, Mrs. Oscar Matthews, a feme sole, and Oakley-Metcalf Funeral Home, Inc., alleging that appellant's home was in a residential district of the city of Nacogdoches; that Mrs. Matthews owned a house near his home that had been continuously used for residential purposes; that she had leased this home to Oakley-Metcalf Funeral Home, Inc., for a funeral home. He further alleged the particulars in which he would be injured by the operation of a funeral home in the Matthews property. He prayed for citation against both defendants, and that on final hearing on the merits he be granted a permanent injunction restraining the defendants from operating a funeral home in the Matthews property and, pending trial of the case on its merits, he prayed for a temporary injunction. That petition was presented to the judge of the district court of Nacogdoches county in chambers on the 14th day of December, 1936, and the temporary injunction was granted as prayed for. On the 17th day of December, 1936, Oakley-Metcalf Funeral Home, Inc., filed its answer praying for a dissolution of the temporary injunction. On the 18th day of December, 1936, on due consideration of the pleadings and the testimony adduced before him, the judge of the district court of Nacogdoches county entered his order dissolving the temporary injunction. The case is before us on appeal from the order of dissolution.

### Opinion.

The operation of a funeral home is a lawful business and even when operated in the residential section of a city, does not constitute a nuisance per se, Blackburn v. Bishop (Tex.Civ.App.) 299 S.W. 264; King v. Guerra (Tex.Civ.App.) 1 S.W.(2d) 373; Kilburn v. Childers (Tex. Civ.App.) 86 S.W.(2d) 832, 833, its character as a nuisance vel non is a fact issue to be determined by the jury, or by the judge when hearing the case without a jury. In Bielecki v. City of Port Arthur, 12 S.W.(2d) 976, 978, the Commission of Appeals had before it the issue of a nuisance as it related to the operation of a dance hall. After holding that the operation of a dance hall was not a nuisance per se, Judge Leddy, speaking for the Commission of Appeals, said:

"Even the Legislature itself cannot, by mere legislative fiat, destroy a citizen's property by declaring the use of same to be a nuisance, regardless of whether existent facts constitute it such. Stockwell v. State, 110 Tex. 550, 221 S.W. 932, 12 A.L. R. 1116; Spann v. City of Dallas, 111 Tex. 350, 235 S.W. 513, 19 A.L.R. 1387; Lawton v. Steele, 152 U.S. 133, 14 S.Ct. 499, 38 L.Ed. 385; 20 R.C.L. 486; City of Evansville v. Miller, 146 Ind. 613, 45 N.E. 1054, 38 L.R.A. 161.

"The operation of a public dance hall not being a nuisance within itself or at common law, the owner of property using it for such purpose cannot be foreclosed of his right to a judicial determination, as to whether the same is so used, as to render it a nuisance. Crossman v. City of Galveston, supra [112 Tex. 303, 247 S.W. 810, 26 A.L.R. 1210]; Stockwell v. State, supra."

 The evidence in this case did not establish as a matter of law that a funeral home operated by appellees in the Matthews property would constitute a nuisance. On the evidence before him, by dissolving the temporary injunction, the judge of the district court of Nacogdoches county resolved that issue against appellant. Since the granting of a temporary injunction, and the order overruling or sustaining the motion to dissolve the injunction, rest in the discretion of the judge (Tyree v. Road Dist. No. 5 [Tex.Civ.App.] 199 S.W. 644; Kilburn v. Childers, supra), we cannot say that the judge abused his discretion by dissolving his temporary injunction in this case. It follows that the order dissolving the temporary injunction must be affirmed. But this order of affirmance is without prejudice to the right of appellant to try his case to a jury at a regular term of court, and nothing herein said is to be construed as limiting his rights to any extent whatever.

In the view we take of the case, it would serve no useful purpose to review in detail the testimony adduced in the lower court.

Affirmed.