(38 South. 828.)

No. 15,686.

CITY OF NEW ORLEANS v. LAGASSE.

(June 5, 1905.)

NUISANCE—WHAT CONSTITUTES — OWNERS OF ADJACENT PROPERTY—REMEDIES—MUNICIPAL CORPORATIONS—ORDINANCES—INJUNCTION.

1. The suit was brought and an injunction obtained by plaintiff to abate, as a nuisance, defendant's wooden works, consisting of a planing mill and cistern factory and other wood-working machines. It is not a nuisance per se.

2. It is not a public nuisance. The owner or owners of the adjacent properties have remedies for whatever injury or damage they may suffer. If their insurance has been increased because of the proximity of the factory to their property, that presents a question to be settled between them and defendant.

3. The city has authority to legislate generally as relates to factories. She has no authority to enact ordinances that will affect only one factory unless it is a nuisance per se or a public nuisance.

4. The evidence does not sustain the allegation that it is either a public nuisance or a nuisance per se.

5. The weight and preponderance of the testimony show care, and that steps were taken to prevent accidents.

6. While the city is right in seeking to protect property from damage and injury by action, in order to sustain its action it must appear by a preponderance of testimony that there is ground for apprehension, from which it is beyond the power of owners of property to protect themselves, and as to which, because of its general nature, it becomes incumbent upon the corporation to take the matter in charge. The case does not suggest any such necessity at this time, and under the management of defendant's works as at present.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Walter Byers Sommerville, Judge.

Action by the city of New Orleans against Paul Lagasse. Judgment for defendant, and plaintiff appeals. Affirmed.

St. Clair Adams, Asst. City Atty., and Samuel Louis Gilmore, City Atty., for appellant. Cage, Baldwin & Crabites, for appellee.

BREAUX, C. J. The plaintiff city brought this suit to enjoin the defendant from operating a cistern factory, saw, and planing mill in the city of New Orleans.

We are informed by the record that defendant applied for and obtained the consent of the city council to operate his factory and mill; that, on the complaint of a majority of the property owners in the neighborhood, the consent was revoked.

This complaint was directed against defendant because he was using a gasoline engine. He substituted a gas engine for the gasoline engine, and thereafter, as we understand, he was permitted to operate with the former, which the weight of the evidence shows is not as dangerous as a gasoline engine.

The property owners—a majority, at least —renewed their objection, and urged that defendant's plant should be abated as public nuisance. The city council instituted inquiry into the alleged nuisance by following the steps usually followed when inquiry is put on foot, to ascertain whether the charge is founded on fact.

It resulted in that body adopting an ordinance declaring defendant's factory a public nuisance, and directing the city attorney to institute legal proceedings for its abatement.

The complaints are that the building in which defendant has his work is of wood; that his gas engine is dangerous, and increases the danger to be apprehended from fire; that the factory is noisome, and creates a din, rendering the living in the neighborhood

insupportable; and that it is a constant annoyance to the neighborhood; that the vibration from the operation of the mill is damaging to dwelling houses in the vicinity; that the combustible material with which this factory is filled is a constant danger, as sufficient care is wanting; that the insurance rates have been increased, and insurance companies have refused to insure the property.

These charges are denied by defendant, who sets up that his differences with petitioners to the council are personal, and that they have ample remedy before the court; if his plant be a nuisance, it cannot be construed into a public nuisance.

A number of witnesses testified.

If the plant be as safe as defendant avers and sought to prove, those owning property near, and their witnesses, are of an entirely different way of thinking.

On the other hand, defendant examined a number of witnesses who were equally as emphatic in testifying that the situation is not as represented by plaintiff, and that the factory is not an exceedingly dangerous business.

The testimony is conflicting regarding the noise occasioned by the factory; also as relates to the vibration. There are noise and vibration. According to some of the witnesses, the noise is loud, and renders enjoyment especially uncomfortable and inconvenient. Other witnesses thought that it was not uncomfortable and inconvenient.

The same is true of the vibration complained of. The testimony is contradictory. The judge of the district court held that the preponderance of the testimony is with defendant; that the fire is limited to sparks of the gas engine, and that ample protection is provided against any possible accident from these sparks; that the shavings were handled with proper care, and disposed of through a blower into a vault safely enough; that the place is carefully kept; that it has sufficient water

114 La.—34

protection. After a careful analysis of all the facts, in a well-prepared opinion, he decides in favor of defendant.

Manifestly the nuisance charged is not in se a nuisance. The business, in manufacturing the article of wood mentioned in the testimony, is legal. Others are conducting a similar business in the municipality, and no ordinance is directed against that branch of industry.

Whatever power the city may have to compel persons conducting the business in question, it can only exercise it generally against similar factories.

One of the objections in this case is that the defendant's woodworks are manufactured in a wooden building. To suppress defendant's factory on that ground, it would have to be shown that the city has legislated in regard to all other factories operated in wooden structures. It has not. Nothing leads us to infer that the city has made the least attempt in that direction.

True, the city has specially ordained, through her council, against defendant, as we have before mentioned. This would be quite sufficient to suppress defendant's factory, if the factory were a nuisance per se. If the defendant has conformed with all that is required of other similar factories, it is all that can be required of him. He is on an equal footing with the others, unless it is made to appear that his wooden building is especially dangerous. This has not been done.

We have no reason to conclude that his building is more dangerous than any other wooden structure in which machinery is operated as in his. One engaged in one of the industries must submit to the same rule as the others engaged in a similar enterprise. If he fails in this and commits a public nuisance, he may be proceeded against. Until it is evident that there has been such a failure, his industry should not be suppressed.

This disposes of the averment directed

against defendant's factory on the ground that it is operated in a wooden building.

The record does not disclose that the gas engine, properly taken care of and handled, is a dangerous machine. Insurance experts have examined it, and, as witnesses said, they did not think that it was dangerous. The sparks of the engine, to which some reference has been made, are under restraint, and not in any way exposed.

We come to a consideration of the complaint that the din and noise of the factory amount to a public nuisance. A number of witnesses testified upon the subject. In number, there is little difference in weight. The judge of the district court gave credence to the witnesses for defendant. We are not by any means certain that he has erred.

The question reduces itself to whether, after having considered the whole evidence upon this point, plaintiff sustains her position that it is a public nuisance. We think not. Only a few appear to have been subjected to any degree of discomfort because of the noise. They personally have effectual remedy to redress their own wrongs.

The exposure of the factory to catch fire is another complaint, grounded on the fact that there are shavings and small pieces of wood in the building at times. All factories have shavings and sticks. All factories should be kept so that the shavings and sticks will not be scattered around. We do not understand that this factory is more dangerous in this respect than any other factory of the kind. It has automatic blowers and vaults. Insurance inspectors who inspected the building did not find that there was any neglect, as relates to the refuse of the mill.

They are usually careful observers. It is their business. Besides, the testimony of the other witnesses does not create the impression that there is negligence in that particular.

Plaintiff seeks to sustain the position that the factory should be suppressed—closed—because it adversely affects the value of property and causes an increase in the rate of insurance. The former—the value of the property—presents a question with which we will not deal, as it relates only to a very few, in whom, if there is any right on this score, there is a right of action.

Increase in the rate of insurance also scarcely presents a question which the city can press under the allegation that it is a public nuisance. The question raises a private issue. While it is commendable enough on the part of the city to seek to protect all her inhabitants, yet it would venture beyond municipal power and ability, were it to undertake to prevent private wrongs and lessen inequalities growing out of the enterprise of insurance.

The city has the power to legislate generally, in order, as far as possible, to equalize the rate of insurance and prevent imposition. Here the complaint is directed against one case of many.

Moreover, the case is not as extreme as alleged. In a few special instances there was increased assessment—not to an extent, we must say, to justify us in setting aside the judgment and granting plaintiff's application for an injunction.

We do not wish to be understood as sanctioning in the least any act which might render a neighbor's life in any respect more burdensome, or expose in any way his property to damage or destruction.

We do not think the facts sustain the city's right to an injunction. With reference to the point at issue—increase in insurance rates—courts of other jurisdictions have not considered that a cause sufficient for an injunction on the part of the municipality. Wood on Nuisance (3d Ed.) § 746, p. 998, et seq.; Duncan v. Hayes, 22 N. J. Eq. 25.

Plaintiff's counsel quotes with confidence the terse and clear utterances of the late

Justice Land in City of New Orleans v. Lambert, 14 La. Ann. 247. The shop of a blacksmith, it was said, could be closed by the municipality, if a nuisance.

A blacksmith's shop may be closed by the municipality if it be conducted in such a manner that it is a nuisance. We will say, however, it does not appear that such step should be taken unless it is clearly shown that it is a nuisance.

The industry of the village smith, and the clear sounds of the anvil struck by his hammer, early and late, have a somewhat stimulating influence on especially the young of the neighborhood, which authorities should be slow to suppress. The sound of the anvil is familiar to youthful ears.

Even he may be stopped by corporate authority, at least partially, if his shop becomes a public nuisance.

We are clearly of the view that, in the interest of all concerned, we should not disturb the status quo; at any rate, that we should not grant an injunction in this case.

For reasons assigned, the judgment is affirmed.