SOMMERVILLE, J.
The Leiderkrantz Society is a German social organization, originally formed for the purpose of having a singing circle, as is suggested by the name. It bought property in the suburbs of Shreveport, where it might have a park, and whereon might be erected a hall, etc., for its purposes. Five years ago it added a bowling alley as one of its adjuncts. The council of Shreveport, declaring that much complaint had been made by citizens residing in the neighborhood of the Leiderkrantz hall of noise and disturbance emanating from the bowling alley, recently caused defendant, through its proper officers, to be notified to appear before it, the council, and to show cause why such bowling alley should not be suppressed as a nuisance. After hearing, the council, by resolution, declared that the bowling alley appeared to constitute a public nuisance, and ordered the same suppressed. It caused notice to be sent to the society, and on failure to abate the nuisance the city attorney was instructed to take such legal action as might be proper or necessary to suppress it. Whereupon this suit was filed. In its petition, the city alleges that the said bowling alley and clubhouse are located in a residential district; that the noise emanating from said bowling alley greatly interferes with the peace and comfort of the citizens living in that neighborhood; that the alley was conducted in a rough and boisterous manner, and in such a way as to render it a public nuisance; that the city council, in due order, declared by resolution such bowling alley to be a public nuisance and ordered same abated; and that the continued operation of said bowling alley will cause petitioner and citizens residing in the neighborhood great and irreparable injury. It then asked that a writ of injunction issue enjoining and restraining the said Leiderkrantz Society from operating said bowling alley. After trial, there was judgment as follows, in part:
“It is therefore ordered, adjudged, and decreed that the demands of plaintiff, city of Shreveport, for a perpetual injunction entirely restraining and enjoining the defendant, Leider *805 krantz Society, from operating its bowling alley as claimed by plaintiff under a resolution of the city council of the city of .Shreveport, of date October 27, 1911, declaring said bowling-alley a public nuisance, and ordering same to be suppressed, annexed to plaintiff’s petition, be and the same are hereby rejected and denied.”
The record shows that two citizens, residing in the neighborhood of the defendant, intervened and filed a petition joining the plaintiff, adding a few allegations, and joining in the prayer of the plaintiff herein. The petition of the interveners is not disposed of in the judgment of the court. They (interveners) have nevertheless appealed devolutively from the judgment.
The portion of the judgment given above was in favor of the defendant society. The petition of plaintiff was rejected and denied. In contradiction of what had gone before, the court proceeded to decree as follows:
“It is further ordered, adjudged, and decreed that the noise from the operation by defendant’s bowling alley complained of by plaintiff and interveners be abated, limited, reduced, confined, and minimized within the periods and limits of time and under the conditions and requirements as follows, to wit.”
The court then proceeds to fix hours within which defendant might operate its bowling alley, and to further provide for the remodeling of the building, and to direct certain changes and appliances to be made in the alley. This was not responsive to the prayer of plaintiff’s petition, or to anything in defendant’s answer. The order of the court is in the nature of an ordinance by a city council. It is a piece of legislation, and the court is without power to make such an order. It has no means of compelling a compliance therewith. That part of the judgment will be reversed and set aside. Both plaintiff and defendant, as well as the interveners, complain of the judgment. The city and the interveners have appealed, and the defendant has filed an answer to that appeal, asking that the judgment appealed from be set aside in its entirety, and the suit dismissed.
[2] The city attorney says in his printed argument in this court:
“Either the city did or did not have the authority to order the suppression of the bowling alley. If it did not, the lower court should have dismissed the suit. If it did, and the action was not arbitrary, the court should have granted the injunction as prayed for.”
The city has the right, under its police power, to suppress nuisances. It had the right to declare the bowling alley in question to be a nuisance, if, after investigation, it found it to be one. But this finding is subject to review by the courts of justice. A bowling alley is not a nuisance per se. Such an alley may become a nuisance, and it would be the duty of the court to sustain the action of the council if, after trial, the evidence proved that the council acted properly, and not arbitrarily. The city attorney asks the court to decide whether, in this instance, the common council acted in an arbitrary manner or not. The court will be slow to find that the council acted in an arbitrary manner, and set aside any act which it is authorized by its charter to perform.
[1] We have not the evidence before us which was presented to the common council before it took action and declared the bowling alley to be a nuisance. The council has not adopted a general ordinance declaring all bowling alleys to be nuisances. It has not defined limits within which public bowling alleys may be established. So far as the record shows, there is no evidence directing how bowling alleys might be operated. We have nothing to guide us in these matters. Bowling alleys are to be found in all communities, generally. They are often connect-' ed with hotels and other places where people assemble; and they are not usually considered to be nuisances.
*807 A member of the council, while on the witness stand, was asked:
“You were present when a resolution was passed by your body in relation to the Leiderkrantz Society?- A. Yes, sir. Q. Mr. Eullilove, there was no formal hearing when that resolution was passed? A. Well, there was a hearing. I do not know whether you would call it a formal hearing or not. We so considered it. We had notified the members and officers of the Leiderkrantz Society to appear before the council and show cause why the operation of the bowling alley should not be condemned, and three members appeared, Mr. Goedekin, Mr. Martineaux, and I do not remember the name of the third gentleman. I know him very well, but I cannot call his name. They appeared, and each one made a statement regarding the operation of the Leiderkrantz, and statements were made by the complainants, and the council thought that there was sufficient showing made to pass the resolution instructing the city attorney to bring the matter before the court. We thought it a too serious proposition to decide without all the evidence, and the court was the proper place to decide it.”
This is the only testimony in the record as to how the council proceeded in the matter. It would appear therefrom that the council was of the opinion that the matter was a very serious one, and that it would be best to place it before the court. We think that this is an insufficient reason and an improper motive for the council to have declared the bowling alley of the defendant to be a nuisance. It should have heard all of the parties in interest before it came to any conclusion, and then it should have decided for itself as to whether the complaints were good or not, and whether the bowling alley was really a nuisance or not. It does not appear to have done this. The action was therefore unwarranted, and we conclude that it acted arbitrarily in adopting the ordinance.
The record is a very voluminous one. It is unnecessarily so. The petition of the city contains only two allegations: First, that the bowling alley greatly interferes with the peace and comfort of the citizens living in that neighborhood; and, secondly, that it is conducted in a rough and boisterous manner, and in such a way as to render it a public nuisance. The record contains a great deal of testimony which does not support either one of these two allegations. Some testimony refers only to the hall of the association, which is not connected with the bowling alley; other parts to dances, to concerts, to public meetings, to political meetings, to beer drinking, and various amusements which were indulged in, in the hall, which are not complained about in the petitions. The complaints were about the bowling alley. This testimony was timely objected to, but the objections were overruled. It was immaterial, it was not responsive to the issues, some of it was hearsay, and the objections therefore should have been sustained. It would be a waste of time to go over these many bills of exceptions reserved to the rulings of the court. They are too numerous to be reviewed in this opinion.
A careful review of the evidence convinces us that many of the witnesses examined on the trial on behalf of plaintiff and interveners were actuated by a feeling of resentment towards the defendant society. These witnesses complained principally of the use of the bowling alley on Sundays and Sunday nights.' They deemed Sunday to be a day for rest and church going, and not one for recreation and pleasure ; and they therefore wanted the bowling alley closed. We recognize the right of all persons to have their opinion on such matters as the one now before us. We cannot undertake to enforce the opinions and ideas of the one party over and against those on the other side of the question. If the conduct of members of the defendant organization materially interfered with their neighbors while the latter were at public worship, it would be the duty of the council to suppress them as constituting a nuisance; and the court would uphold the *809 council in such action. The Sahbath was made for man; it is a gift from God to man. A man is not responsible to his neighbor for the use to which he may put his Sabbath, unless the former violates some law, or becomes a nuisance to that neighbor. We will not undertake to enforce the views of the witnesses of the plaintiff upon the members of the defendant society in this matter.
There is some evidence in the record going to show that the bowling alley was kept open until very late hours at night; but the preponderance of the testimony is to the effect that the alley is closed about 10 o’clock each night on the three nights of the week that the bowling is indulged in. Whether this hour is a proper one or not at which to stop bowling is a question which the council may determine. If the testimony in the record showed that the acts of defendant disturb the physical comfort of the neighbors to an injurious extent, it would become our duty to restrain this defendant; but, in our opinion, it does not.
[4] We have held that an offensive occupation cannot be carried on to the very great annoyance of one dwelling immediately near. That no one has the right to use his property so as to render other property about him in any degree useless. The enjoyment of one must have reference to the fights of others in the neighborhood. Froleicher v. Oswald Iron Works, 111 La. 705, 35 South. 821, 64 L. R. A. 228. But the fact that a particular use of property is declared a nuisance by a city ordinance does not make it such unless it is in fact so, and is embraced within the common-law or statutory idea of a nuisance. And the things or acts complained of must come within the legal notion of a nuisance; and where it does not, no authority to remove or abate it is derived from an ordinance declaring it a nuisance. Board v. Norman, 51 La. Ann. 736, 25 South. 401; De Blanc and Landry v. Mayor, etc., 106 La. 680, 31 South. 311, 56 L. R. A. 285; City of N. O. v. Bagasse, 114 La. 1055, 38 South. 828.
[3] The bowling alley of defendant is used for the pleasure and pastime of its members. It is a private place. It may not be of the same importance in the community as a business enterprise is. Yet the members cannot be interfered with by assuming that it is a nuisance per se. The evidence in the record does not sustain the allegations in plaintiff’s petition. The action of the council in singling out defendant’s bowling alley and declaring it to be a nuisance was arbitrary. The judgment appealed from will be reversed.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be reversed; it is further ordered, adjudged, and decreed that this suit be dismissed at plaintiff’s costs in both courts.