EX PARTE FRANK SPELCE.

No. 19831. Delivered May 25, 1938.
State's motion for rehearing denied (without written opinion) October 19, 1938.

The opinion states the case.

*Grady Sturgeon*, of Paris, for relator.

*Cunningham & Lipscomb*, of Bonham, and *Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—This is an original habeas corpus proceeding.

Relator was convicted in the corporation court of the City of Dodd City for conducting a public dance within four hundred feet of a private residence within the corporate limits of said town. Upon appeal to the county court he was again convicted and a fine of $50.00 assessed against him. Upon application to this Court a writ of habeas corpus was directed to the sheriff of Fannin County returnable May 11, 1938. We quote the ordinance under which the prosecution proceeded, as follows:

"An ordinance defining a public dance hall, declaring the same to be a nuisance, prohibiting the operation thereof within the city limits of Dodd City, Texas, and prohibiting any person from using and permitting to be used any property for the purpose of a public dance hall, providing and regulating the manner and location of dance halls, and providing penalties for the violation of this ordinance, declaring an emergency and putting in full force and effect;

"BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF DODD CITY, TEXAS:

"Sec. 1. A public dance hall as the term is used in this ordinance shall include all buildings, stores, residences and structures in which dancing is permitted, to which said building, store or structure an admission fee is charged, and to the admission of which a donation or contribution is made, and to which the public in general is invited and permitted to attend, whether with or without paying a fee, or to enter which an admission fee is charged, and to participate in which an admission fee is charged.

"Sec. 2. It shall be unlawful for any person, his agent, or representative to construct, erect, use, operate, maintain, manage, sell tickets to, collect entrance fees at any public dance hall or at any public dance within the corporate limits of the City of Dodd City, Texas, any part or portion of which said dance or dance hall shall be carried on, maintained or conducted within four hundred feet of any church of any religious denomination, or within four hundred feet of any private residence within the corporate limits of the City of Dodd City, Texas, without the written consent of the person or persons in charge of said church or religious denomination, or private residence.

"Sec. 3. That any person violating any of the provisions of the ordinance shall be guilty of a misdemeanor, and upon conviction, shall be fined in any sum not exceeding One Hundred Dollars and each day shall constitute a separate and distinct offense.

"Sec. 4. The fact that there is now no ordinance regulating the location, construction and operation of public dances and dance halls within the corporate limits of the City of Dodd City, Texas, and that the operation, location and maintenance of said public dances in the corporate limits of the City of Dodd City, Texas, is a nuisance, a hazard, and a menace to society, creates a public necessity and an imperative demand that all laws requiring the submission of such ordinance to a committee before final passage, be and the same are each and all hereby suspended and this ordinance shall be and is now put upon its final passage and shall be in full force and effect from and after its passage."

We think the case of Bielecki v. City of Port Arthur, 12 S. W. (2d) 976, supports relator's contention that the ordinance is unconstitutional. We quote from the opinion in that case, as follows:

"The ordinance in question declared any building or structure used and maintained as a public dance hall to be a nuisance, if located within 150 feet of a private residence or residence occupied by a private family, regardless of whether such dance hall was so operated as to constitute it a nuisance in fact. Each day's operation of same was constituted a separate offense, and a heavy penalty affixed for its violation.

"It was also provided in said ordinance that the judge of the corporation court, or any court to which a prosecution for a violation thereof might be removed, should ascertain if the nuisance continued to exist, and, if found to do so, should thereupon enter an order requiring the chief of police, or any public officer of the city, to abate such nuisance forthwith, and the court was authorized to render judgment against the owner for the expenses incurred in abating same.

"The authority to enact such an ordinance is claimed to exist by reason of certain provisions of the city charter. We do not deem it necessary to set forth these provisions, for the reason that it was clearly beyond the power of the city to enact this ordinance, even if authority to do so should be expressly granted by the charter.

"There is no statute in this State declaring public dance halls to be nuisances, nor were they such at common law. Wood on

Nuisance, Sec. 35; Village of Des Plaines v. Poyer, 123 Ill. 348, 14 N. E. 677, 5 Am. St. Rep. 524; Whitcomb v. Vigeant, 240 Mass. 359, 134 N. E. 241, 19 A. L. R. 1439; Shreveport v. Leiderkrantz, 130 La. 802, 58 So. 578, 40 L. R. A. (N. S.) 75, 20 A. L. R. 1496.

"A city can not, by an arbitrary standard, declare that to be a nuisance which is not so in fact. Crossman v. City of Galveston, 112 Texas 303, 247 S. W. 811, 26 A. L. R. 1210; Stockwell v. State, 110 Texas 550, 221 S. W. 932, 12 A. L. R. 1116; Spann, v. City of Dallas, 111 Texas 350, 235 S. W. 513, 19 A. L. R. 1387.

"Even the Legislature itself can not, by mere legislative fiat, destroy a citizen's property by declaring the use of same to be a nuisance, regardless of whether existent facts constitute it such. Stockwell v. State, 110 Texas 550, 221 S. W. 932, 12 A. L. R. 1116; Spann v. City of Dallas, 111 Texas 350, 235 S. W. 513, 19 A. L. R. 1387; Lawton v. Steele, 152 U. S. 133, 14 S. Ct. 499, 38 L. Ed. 385; 20 R. C. L. 486; Evansville v. Miller, 146 Ind. 613, 45 N. E. 1054, 38 L. R. A. 161.

"The operation of a public dance hall not being a nuisance within itself or at common law, the owner of property using it for such purpose can not be foreclosed of his right to a judicial determination, as to whether the same is so used, as to render it a nuisance. Crossman v. City of Galveston, supra; Stockwell v. State, supra.

"Under the terms of this ordinance, property could be summarily destroyed, although it was not in fact a nuisance. A citizen, by constitutional guaranty, is protected from the destruction of his property under such circumstances. The rule is well stated by Chief Justice CURETON in the Crossman case, cited above, wherein it was said: 'A citizen's property, not a nuisance within itself or under the common law, can not be destroyed without the judgment of a court finding that it is in fact a nuisance.'

"Nor do we think the question of nuisance can be determined by an arbitrary standard fixed by legislative enactment. Such determination must depend upon proof of facts constituting it a nuisance under the well-accepted definition of that term as given by the courts.

"Under the ordinance in question, mere proof that a public dance hall was located within 150 feet of a private residence was sufficient to authorize the summary destruction of plaintiff in error's property, notwithstanding the operation of such dance hall might be shown to have worked no discomfort or inconvenience to any person residing in the vicinity.

"A citizen has a lawful right to use his property for any pur-

pose he may see fit, so long as such use does not operate to substantially injure the rights of others. A denial of the right of a citizen to so use his property is a deprivation of the property itself, hence falls within the protection afforded by the due process clauses of both State and Federal Constitutions."

Relator is ordered discharged.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.