EX PARTE J. D. CARTER.

No. 21900. Delivered December 17, 1941.

The opinion states the case.

*Frank W. Steinle,* of Jourdanton, *Joe Dickson,* of San Antonio, and *Hayden C. Covington* and *Joseph F. Rutherford,* both of Brooklyn, N. Y., for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The relator was charged in the Justice Court, Precinct Number One of Kerr County, with unlawfully operating a motor vehicle, to-wit, an automobile, carrying property therein for transportation when such vehicle had not theretofore been registered and licensed as required by law. Upon a verdict of guilty he was assessed a fine of One Dollar. On appeal to the county court he was again found guilty and assessed a fine of Five Dollars. There being no right of appeal from such conviction, he then applied to the Judge of the County Court for writ of habeas corpus, alleging the invalidity of the law under which he was convicted. He was remanded upon hearing, and appeal brings the matter to this court.

The charge is that he was driving an automobile for commercial purposes without obtaining a license to operate it for such purpose and is under Art. 805 of the Penal Code of Texas, which provides a penalty for a person operating a motor vehicle upon a highway with a license for a class other than that to which such vehicle properly belongs.

Admittedly, as indicated by the complaint itself, his car had been registered and properly carried a license number. The offense is alleged to have been committed and the prosecution was had prior to the enactment of Senate Bill 43, being Chapter 110, page 144, Acts of the Regular Session, 47th Legislature, which became a law on April 10, 1941. The State is in error in its contention that the prosecution was had under such Act.

The State must rely upon a section of Article 827a to make classifications of motor vehicles, which reads as follows: "Any motor vehicle other than a motor cycle, designed or used for the transportation of property, including every vehicle used for delivery purposes." This is the definition for a commercial motor vehicle and it is contended that appellant's car which was registered under a general classification should have been registered as a commercial motor vehicle. It appears to us that this definition is insufficient to establish a classification sufficiently definite upon which a prosecution may be predicated, and the Legislature evidently had the same in mind in the passage of the amendatory act above referred to. An examination of Senate Bill 43, Acts of the 47th Legislature, discloses a very carefully prepared wording for the purpose of correcting and making more definite the definition herein quoted, and we think that it was appropriate to do so.

It is, therefore, concluded that the law under which the prosecution was had is too indefinite to apprise the appellant of the classifications for registering an automobile and that this court has jurisdiction of the appeal. (Ex parte Slawson, 141 S. W. (2d) 609; Ex parte Spelce, 119 S. W. (2d) 1037. See also Art. 113, Vernon's Ann. C. C. P.)

The judgment of the trial court is reversed and the relator is discharged.