### H. STECHER V. STATE

No. 34,599.   May 16, 1962
Motion for Rehearing Overruled June 27, 1962

*James B. Turner,* Houston, for appellant.

*Frank Briscoe,* District Attorney, *Samuel H. Robertson, Jr., Carl E. F. Dally,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The appellant was convicted of unlawfully parking a motor vehicle other than a commercial vehicle; the punishment, a fine of $150.

The conviction was under the following ordinances of the City of Houston:

"Section 41-168. STANDING IN TRUCK LOADING ZONES. It shall be unlawful for any person to park or stand any vehicle other than a commercial vehicle in any truck loading zone between the hours of seven o'clock a.m. and six o'clock p.m."

Section 41-2A, Section 9, reads: "TRUCKS OR COMMERCIAL VEHICLES. Every motor vehicle designed, used or maintained primarily for the transportation of property."

Section 1-8 prescribes a penalty for the violation of said ordinance by a fine not to exceed $200.

The evidence shows that the appellant parked his 1949 Dodge automobile bearing regular Texas passenger license plates in a truck loading zone between 7 a.m. and 6 p.m., in the City of Houston. It was appellant's private automobile which he used as a passenger car and also for the making of deliveries; that plywood racks and shelves had been placed therein for the purpose of transporting merchandise; that the racks and shelves were removable, but they were in place and being used for the purpose of delivering merchandise at the time and place of the offense alleged.

It is evident that the Dodge automobile was not a truck or commercial vehicle as defined under the ordinance, but was such a motor vehicle as was prohibited from parking at said time in a loading zone in the City of Houston.

The evidence is sufficient to support the conviction.

The judgment is affirmed.

Opinion approved by the Court.