**H. K. STECHER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 35323.

Court of Criminal Appeals of Texas.

Feb. 13, 1963.

Rehearing Denied March 27, 1963.

James B. Turner, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and Allen Stilley, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is violation of an ordinance of the City of Houston which provides that it shall be unlawful to park or stand any vehicle other than a commercial vehicle in any truck loading zone during certain hours.

The prosecution arose in the corporation court. Trial de novo in County Criminal Court at Law No. 2 was before a jury. This appeal is from a judgment rendered on the jury's verdict assessing a fine of $125.-00.

The appellant was charged and convicted for a like offense and the judgment was affirmed in Stecher v. State, 358 S.W.2d 380.

While other grounds of reversal are raised, the controlling question, as we see it, is whether the vehicle which appellant parked in a zone marked as a truck loading zone was a commercial vehicle.

In the prior case an ordinance of the City of Houston was introduced which defined trucks or commercial vehicles as "Every motor vehicle designed, used or maintained primarily for the transportation of property."

In the trial from which this appeal was taken such ordinance was not introduced and the court, in his charge, gave the jury the definition of a "commercial motor vehicle" taken from Art. 6675a–1 (i) and (j) Vernon's Ann.Civ.St.:

"Our Statutes further provide that a commercial motor vehicle means any motor vehicle, other than a motorcycle or a passenger car, designed or used primarily for the transportation of property, including any passenger car, which has been re-constructed so as to be used, and which is being used, primarily for delivery purposes. Our Statutes further define a passenger car as meaning any motor vehicle designed or used primarily for the transportation or persons." ("or" substituted for "of", evidently by typographical error.)

The motor vehicle of the appellant is described in our opinion in appellant's former appeal above cited. The evidence as to the use being made thereof is not materially different. We hold that such vehicle was not a commercial vehicle under the statute.

Ordinances of the City of Houston were introduced authorizing the city traffic engineer to determine the location of curb loading zones and the placing and maintaining of appropriate signs indicating such zones, and providing that such signs or markings in place shall constitute prima

facie evidence that same were installed by the traffic engineer pursuant to such authority.

The evidence is sufficient to sustain the conviction and we find no reversible error.

The judgment is affirmed.