**H. K. STECHER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 36048.**

Court of Criminal Appeals of Texas.

Oct. 23, 1963.

See also 345 S.W.2d 753.

James B. Turner, J. Charles Whitfield,. Jr., Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Richard P. Hogan, Asst. Dist. Attys., Houston, and. Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

Appellant was convicted of unlawfully parking a vehicle, which was not a commercial vehicle, in a truck loading zone during prohibited hours, in violation of an. ordinance of the City of Houston.

The prosecution arose in the corporation court. Trial de novo was in County Criminal Court at Law No. 2, before a jury. This appeal is from a judgment rendered on the jury's verdict finding appellant guilty and assessing his punishment at a fine of $200.

Upon the trial it was shown that on October 25, 1962, the date alleged, being on a. Thursday and not a legal holiday, the appellant parked his 1951 Dodge passenger automobile, bearing 1962 passenger license No. SC 6897, on the south side of the 900· block of Preston Avenue in the City of Houston, which was in a truck loading zone marked "for trucks from 9 a. m. to 4 p. m.," and that said vehicle was parked at such· location at the hour of 3:44 p. m.

Certain ordinances of the City of Houston were introduced in evidence, including:.

" 'Section 41–167, designation of curb loading areas.

"The city traffic engineer is hereby authorized to determine the location of curb loading zones and shall place and.

maintain appropriate signs indicating the same and stating the hours during which the provisions of this section are applicable.' "

" 'Section 41–168. Standing in truck loading zones.

"It shall be unlawful for any person to park or stand any vehicle other than a commercial vehicle in any truck loading zone between the hours of seven o'clock a. m. and six o'clock p. m. * * * This section shall not apply on Sunday or legal holiday.' "

"Section 1–8. General Penalty.

" 'The penalty for violation of any provision of this Code, where no other penalty is specified, shall, upon conviction, be a fine not to exceed two hundred dollars as provided in Article 11, Section 12 of the charter.

" 'Each day's violation of any provision of this Code, unless otherwise provided shall constitute a separate offense.' "

A traffic engineer's report relative to parking in the 900 block of Preston was introduced in evidence, reading as follows:

" 'DEPARTMENT OF TRAFFIC
AND TRANSPORTATION
CITY OF HOUSTON
September 18, 1959
* * * * * *
NO PARKING ANYTIME
TRUCKS 30 MINUTES
8:30 A.M.—4 P.M. TOW AWAY

900 block Preston, south side, beginning 16' west PVL Main and extending west 80'

6–15–59' "

Testifying as a witness in his own behalf, appellant admitted that the Dodge automobile was his personal passenger car and that he parked it at such location on the occasion in question. Appellant further testified that he operated a lawyers' supply business; that he used the automobile in making deliveries of merchandise to his customers and on the particular occasion in question he parked the automobile in the 900 block of Preston Avenue to make a delivery or deliveries to his customers.

The court in his charge required the jury to find from the evidence beyond a reasonable doubt, before convicting appellant, that he did unlawfully park a vehicle which was not a commercial vehicle in a truck loading zone between the hours prohibited.

In the charge, the court gave a definition of commercial motor vehicle as taken from Art. 6675a–1(i) and Art. 6701c–1, Sec. 1, Vernon's Ann.Civ. Statutes, and which was substantially the same as given and approved by this court in Stecher v. State, Tex.Cr. App., 365 S.W.2d 800. It also followed Sec. 41–2 of the 1958 City of Houston ordinance code introduced in evidence by the appellant, which in subsection (9) defines a truck or commercial vehicle as "Every motor vehicle designed, used, or maintained primarily for the transportation of property."

Appellant objected to the court's definition on the ground that it defined a commercial motor vehicle as described in the laws pertaining to registration of motor vehicles rather than as it pertains to operation of vehicles.

■ Appellant further requested the court to instruct the jury as follows:

"Our Statutes further provide that a commercial motor vehicle means any motor vehicle other than a motorcycle, designed or used for the transportation of property, including every vehicle used for delivery purposes."

The definition requested by appellant, as found in Art. 827a, Sec. 1, and Art. 827b. Vernon's Ann.P.C. was by this court held insufficient in Ex parte Carter, 143 Tex. Cr.App. 46, 156 S.W.2d 986, in a prosecution under Art. 805, Vernon's Ann.P.C., for

operation of a motor vehicle under improper license.

In overruling the objection and refusing the requested charge, the court did not err.

In his amended motion for new trial, appellant urged as error, a comment alleged to have been made by the court to the jury with reference to certain blank forms furnished them with the charge, to be used in writing their verdict in the case. Such complaint is not verified by a proper bill of exception and is therefore not before us for review.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the court.