**H. K. STECHER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 37124.**

Court of Criminal Appeals of Texas.

Nov. 4, 1964.

J. Charles Whitfield, Jr., Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Theodore P. Busch, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is violation of an ordinance of the City of Houston which provides that it shall be unlawful to park or stand any vehicle other than a commercial vehicle in any truck loading zone during certain hours. The punishment is a fine of $150.

Appellant and the nature of the offense are the same as in Stecher v. State, Tex. Cr.App., 371 S.W.2d 568; Stecher v. State, Tex.Cr.App., 365 S.W.2d 800; Stecher v. State, 172 Tex.Cr.R. 477, 358 S.W.2d 380. A prior conviction for this same offense was before this Court in Stecher v. State, Tex. Cr.App., 373 S.W.2d 255, in which case this Court reversed and remanded for new trial because the bailiff answered a question asked by the jury.

■ Appellant's complaint that the trial judge overruled his motion to quash the information (complaint) is not before us, the motion not being in writing as required by Art. 513 C.C.P.

■ No witness testified that appellant parked his automobile in the zone in question and the state relies on the presumption created by Section 41–141, 1958 Code of Ordinances of Houston, Ch. 41, XIII, which reads as follows:

"Presumption of parking by owner when car illegally parked.

"When any person is charged with having parked or left standing a vehicle on any street in the city at a place on said street where parking of vehicles is prohibited, or with parking such vehicle on said street in a manner which violates the manner of parking a vehicle is designated, or with parking such vehicle for a length of time in excess of that allowed in the space where said vehicle was parked, proof that said vehicle was, at the date of the offense alleged, owned by the person charged with the offense, shall constitute prima facie evidence that said vehicle was parked or left standing at the place charged by said owner, but the owner shall have the right to introduce evidence to show that said vehicle was not parked by him as charged in the complaint."

The appellant did not testify and offered no evidence.

Appellant's brief complains that the state failed to establish by proper evidence the ownership of the parked vehicle. He argues that the only evidence of ownership offered by the state was that of the policeman testifying to what the appellant "is alleged to have said in another court."

Police Officer Arredondo testified to having seen a regular passenger four door Dodge Sedan with regular license plates RN 300 parked in a truck zone about 9:30 A.M.

He testified that he issued the parking ticket which was introduced in evidence.

Excerpts from the ordinances of the City of Houston and report from the Department of Traffic and Transportation were introduced to establish that the marked zone where the vehicle was parked was a truck zone.

Arredondo testified on direct examination that he knew the appellant; had seen the appellant driving the vehicle previously; had seen no one other than the appellant driving it, and had heard the appellant testify under oath that he owned such vehicle.

On cross-examination the witness Arredondo was asked, and answered:

"Q. You know he has two (2) cars?

"A. I only recognized one (1) of his cars, I saw it all the time.

    *     *     *     *     *     *

"Q. You didn't see him park that vehicle on the 5th day of April, 1960?

"A. No sir.

"Q. You didn't see him drive away from that location, if he did?

"A. No sir, I didn't.

"Q. You only saw a '49 Dodge automobile that you knew belonged to H. K. Stecher parked at that particular location?

"A. Yes sir.

    *     *     *     *     *     *

"Q. Based on your familiarity with the car what does he do with this vehicle?

"A. He delivers forms and stuff, I have seen him unload and load that."

We find the evidence sufficient to show that the appellant owned the parked vehicle

and overrule the contention that it was incumbent upon the state to prove ownership by certificate of title or by records from the Tax Collector's Office.

Other grounds for reversal, some of which are those decided against the appellant in former appeals, present no ground for reversal.

The judgment is affirmed.