

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711
July 10, 1969

*Supersedes M-292 as to trailers*

Mr. Wilson E. Speir, Director
Texas Department of Public Safety
5805 North Lamar
Austin, Texas 78751

Opinion No. M-430

Re: Applicability of drive-a-way
in-transit license plates under
Article 6686 (b), V.C.S., as
amended by House Bill 600 of
the 61st Legislature, R.S., 1969,
and interpretation of the term
"commercial vehicle carrying a
load" as used in Article 6686 (a)
(6), V.C.S.

Dear Mr. Speir:

In your recent request concerning the above-captioned matter, you have asked this office for an answer to the following two questions:

1. Does Article 6686 (b), Vernon's Civil Statutes, as amended by House Bill 600 of the 61st Legislature, R.S., 1969, now provide for drive-a-way in-transit license plates to be used on both new and used house trailers, trailers and semi-trailers, or does this section apply only to the movement of new house trailers, trailers and semi-trailers?

2. What is the meaning of the term "commercial vehicle carrying a load" as used in Article 6686 (a) (6), Vernon's Civil Statutes, and as this term relates to the meaning of the term "convey" as used in Article 6686 (a) (4) [b], Vernon's Civil Statutes?

With respect to your first question, Article 6686 (b), prior to its amendment by House Bill 600, provided for drive-a-way in-transit licensing of "new vehicles from the manufacturer or any other point of origin". As amended, this Article now provides for such in-transit licensing of "new vehicles and other vehicles, including house trailers, trailers, and semi-trailers from the manufacturer or any other point of origin" [Emphasis added]. The only change, with the exception of an increase in the licensing fee and the allocation of funds collected, brought about by House Bill 600 was the addition of the emphasized words in the preceding quotation. Your first question seeks a determination as to whether this added

-2141-

language covers only "new" house trailers, trailers and semi-trailers, or whether it may be construed as covering both "new and used" house trailers, trailers and semi-trailers.

Article 6686 (b), prior to its amendment, related only to the movement of "new vehicles". Attorney General's Opinion No. M-292 interpreted this language as relating only to new motor vehicles capable of operating under their own power. That Opinion specifically excluded the movement of new trailers and mobile homes. At the time of that Opinion, there was no question as to whether Article 6686 (b) applied to used vehicles – clearly, it did not. The only purpose of the recent amendment, as stated in Section 4 of House Bill 600, was to clarify the law so as to authorize issuance of in-transit license plates to be used to transport and deliver "new trailers and mobile homes" [Emphasis added]. There is no indication that the amendment to the act was intended also to cover the transportation and delivery of "used vehicles".

Therefore, the answer to your first question is that only new house trailers, trailers and semi-trailers are covered by the recent amendment of Article 6686 (b). In this respect, House Bill 600 changes the law and Attorney General's Opinion No. M-292 is superceded insofar as the latter stated that trailers and mobile homes were not covered by Article 6686 (b).

With respect to your second question, Subparagraph (4) [b] of Article 6686 (a) sets out one of the circumstances under which a dealer may use temporary card-board numbers corresponding to his license number. Such a "facsimile" of his dealer's license number may be used:

> "to convey or cause to be conveyed his unregistered vehicles
> from the dealer's place of business in one part of the State
> to his place of business in another part of the State, or from
> his place of business to a place to be repaired, reconditioned,
> or serviced, or from a point in this State where such vehicles
> are unloaded to his place of business, including the moving
> of such vehicles from the State line to his place of business,
> and such vehicles displaying such tags while being so conveyed
> shall be exempt from the mechanical inspection requirements. . ."

The language of this section indicates that the dealer's facsimile is to be affixed to the vehicle which is actually being conveyed; it makes no distinction as to whether the vehicle is moving under its own power or is being towed or carried by another vehicle. Therefore, it appears that the facsimile of the dealer's tag may affixed to a self-propelled vehicle such as a truck, truck-tractor, automobile, or bus, or it may be affixed to a trailer which is not capable of moving under its own power.

The question for which an opinion is requested arises from the fact that sub-section (6) of Section (a) limits the use of a facsimile of the dealer's license tags. Specifically, this subsection provides that:

> "The use of dealer's license or facsimiles thereof is pro-
> hibited on service or work vehicles or on <u>commercial</u>
> <u>vehicles carrying a load</u>; provided, however, that a boat
> trailer carrying a boat will not be considered to be a com-
> mercial vehicle carrying a load. . ."

The term "commercial vehicle" may be defined as any type or make of vehicle which is designed for or adaptable to commercial purposes, i.e., the transportation of persons or property. Stecher v. State, 365 S.W. 2d 800 (Tex. Crim., 1963); Carbet-Barbour Drilling Co. v. Hanna, 222 P. 2d 376 (Okla. Sup. 1950). The phrase "carrying a load" is self-explanatory and may be taken to mean the moving by any method of any extraneous burden. Therefore, Article 6686 (a) (6) prohibits the use of a facsimile of the dealer's tag on any vehicle which is designed for commercial purposes and which is actually being used in the movement of an extraneous burden of any type.

Under this construction, subparagraph (6) of Section (a), as it relates to subparagraph (4) [b] of the same Section, would not prohibit the use of a facsimile of the dealer's license number on a commercial vehicle which is not being used for commercial purposes, such as a truck or a truck-tractor moving from the dealer's place of business in one part of the state to his place of business in another part of the state. Similarly, a semi-trailer could be moved between two such points within the state under a facsimile of the dealer's license number pro-vided that the trailer was not carrying any load. However, a truck-tractor could not move under a facsimile of the dealer's license number and pull a trailer or any other unit also moving under a similar facsimile; the truck-tractor would have to be registered since it is a "commercial vehicle carrying a load". It can also be seen that one or more trailers cannot be loaded on another trailer unless the latter, being a commercial vehicle carrying a load, is a registered vehicle.

## SUMMARY

The amendment by House Bill 600 of Article 6686 (b), Vernon's Civil Statutes, applies only to the movement of new house trailers, trailers, and semi-trailers.

The term "commercial vehicle carrying a load" as used in Article 6686 (a) (6), Vernon's Civil Statutes, and as applied to Article 6686 (a) (4) [b] means

any vehicle which is designed for commercial transportation and which is actually being used to transport persons or property.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by:

James M. Mabry
Assistant Attorney General

APPROVED:

OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice Chairman

Rick Fisher
James Quick
Tom Neely
Bill Allen

Hawthorne Phillips
Executive Assistant