373 So.2d 1385 (1979)
Bryan J. GUILLOT
v.
TOWN OF LUTCHER et al.
No. 10236.
Court of Appeal of Louisiana, Fourth Circuit.
August 1, 1979.
Rehearing Denied September 10, 1979.
Talbot, Sotile, Carmouche, Waguespack & Marchand, Vincent J. Sotile, Donaldsonville, for plaintiff-appellant.
Martin, Himel, Paytavin & Nobile, John L. Peytavin, Lutcher, for the Town of Lutcher, defendant-appellee.
Before GULOTTA, STOULIG and BEER, JJ.
STOULIG, Judge.
This appeal challenges the validity and constitutionality of an ordinance of the *1386 Town of Lutcher that declared appellant's car wash business a public nuisance. After this law was enacted, the town council voted to refuse to issue to plaintiff, Bryan Guillot, an occupational license for 1978. He then filed this suit to enjoin the enforcement of the ordinance and to obtain his occupational license by mandamus. The trial court dismissed his suit and gave him 120 days to cease operating the car wash.
When plaintiff started this business in 1971 he had two partners, but he bought out their interest and became sole proprietor in 1974. The facility, a self-service car wash operation, is equipped with hoses and a vacuum cleaner that are activated by inserting coins.
Plaintiff does not use supervisory personnel to operate the car wash, which is available to the public on around-the-clock basis. As a result, nearby residents have been subjected to frequent annoyances and disturbances which we list: (1) loud radios blare from the cars being washed late at night; (2) patrons litter the neighbors' yards; (3) several ladies residing in homes nearby have frequently been subjected to lewd propositions; (4) homes are sprayed with dirt and water on the occasions when there is a northerly wind; (5) patrons on occasion indulge in sexual activity on the premises; (6) car wash patrons "dig out" at high speeds when leaving the car wash; and (7) a noisy vacuum cleaner runs all night on occasions.
Lutcher Mayor Val Amato and members of the town council received numerous complaints about this car wash located in Woods Subdivision. Mr. and Mrs. Neal Veron, neighbors of plaintiff's establishment, verbally complained to the town counsel in March 1977 and were instructed to make formal complaints in writing. After this was done Guillot was notified to appear before the council and received copies of the complaints. At one point he promised to relocate his business and the council gave him several months to do so. Finally in October 1977 when no action was taken by plaintiff, an ordinance was adopted declaring the car wash a public nuisance. Thereafter, Guillot, through his attorney, informed the council he would not cease operation until he was enjoined by court judgment. In December 1977 the council voted to withhold the 1978 occupational license plaintiff was required to obtain to operate. Hence this suit.
Initially we must determine whether the car wash operation was a nuisance. In City of New Orleans v. Lenfant, 126 La. 455, 52 So. 575, 577 (1910) the Court defined a nuisance "* * * in the broad sense, is anything which incommodes or annoys or produces inconvenience or damage." The Court then distinguished between a nuisance per se (something which is intrinsically offensive) as opposed to a nuisance in fact (also termed a nuisance "per accidens"), which while not inherently annoying becomes so due to the circumstances surrounding its operation.
The party seeking to abate a nuisance in fact must prove the particular circumstances that create the nuisance and demonstrate the injurious consequences it produces. Robichaux v. Huppenbauer, 258 La. 139, 245 So.2d 385 (1971). The right of the individual citizen to enjoy his property free from annoyance and inconvenience is not absolute; the legal exercise of the rights of others must be considered; therefore the strict proof is required to abate a nuisance per accidens. Robichaux v. Huppenbauer, supra.
In concluding the complaints brought by Guillot's neighbors constituted a nuisance, the town council rested their result on overwhelming evidence. In McGee v. Yazoo & M. V. R. Co., 206 La. 121, 19 So.2d 21 (1944), the Court held that smoke, soot and cinders emitted from a coal burning engine may constitute a nuisance that may be abated. In Ryan v. Louisiana Soc. for Prevention of Cruelty, 62 So.2d 296 (La. App.Orl.1953), an animal shelter that was operated in such a way as to subject neighbors *1387 to noise throughout the night and to noxious odors was abated as a nuisance. So in this case we conclude the well-documented complaints establish that the noise, the litter, the immodest conduct of the patrons, the spray and dirt emanating from the property, and the speeding have all combined to render living near the car wash inconvenient and, in fact, intolerable. When property owners cannot use their patios, work in their gardens, allow their children to play in the yard, complete painting their homes, or live without having their yards litteredall because of the circumstances by which plaintiff operates his unsupervised businessthey have a right to have it abated as a nuisance.
Appellant relies on his constitutional guarantee not to be deprived of property without due process of law, guaranteed by the 14th Amendment of the United States Constitution. In State v. Chisesi, 187 La. 675, 175 So. 453, 457 (1937), the Court points out that the citizen is "` * * * to be free in the enjoyment of all his faculties; to be free to use them in all lawful ways; to live and work where he will; to earn his livelihood by any lawful calling,' etc." In Butchers' Union Co. v. Crescent City Co., Ill U.S. 746, 4 S.Ct. 652, 28 L.Ed 585 (1884), the United States Supreme Court pointed out the liberty guaranteed by the 14th Amendment includes freedom to conduct a lawful business.
Like every other liberty, the right to conduct a business has certain restraints necessary to accommodate the legal rights of others. Thus the courts qualify the right to conduct business with the specification the activity in which the party engages must be lawful. In Borenstein v. Joseph Fein Caterers, Inc., 255 So.2d 800 (La.App. 4th Cir. 1971) the court cited Civil Code articles setting forth limitations on the liberty to conduct a business. C.C. art. 666 points out a proprietor must consider the obligations he owes to others. C.C. art. 667 limits him to activities which do not deprive "* * * his neighbor of the liberty of enjoying his own * * *" property or cause damages. C.C. art. 668 recognizes the proprietor's right of enjoyment. C.C. art. 669, while recognizing at times there might arise a conflict between the proprietor's right to use as against his neighbors right to enjoy his property relegates a determination of the issue to "* * * the rules of the police, or the customs of the place."
In this case, confronted with numerous complaints, the town council, after affording plaintiff an opportunity to be heard, declared his business a public nuisance. Plaintiff contends this was an invalid exercise of the police power of the municipality.
We disagree. R.S. 33:401 provides:
"A. The mayor and board of aldermen of every municipality shall have the care, management, and control of the municipality and its property and finances. They shall have power:
* * * * * *
(8) To secure the general health of the municipality; to prevent, remove and abate nuisances * * *."
A municipality may by ordinance declare a private place of business a nuisance if the activity conducted falls within either a statutory definition of nuisance or one established by jurisprudence. In City of Shreveport v. Leiderkrantz Society, 130 La. 802, 58 So. 578, 580 (1912), the Supreme Court stated:
"We have held that an offensive occupation cannot be carried on to the very great annoyance of one dwelling immediately near. That no one has the right to use his property so as to render other property about him in any degree useless. The enjoyment of one must have reference to the rights of others in the neighborhood. Froleicher v. Oswald Iron Works, 111 La. 705, 35 So. 821, 64 L.R.A. 228. But the fact that a particular use of property is declared a nuisance by a city ordinance does not make it such unless it is in fact so, and is embraced within the common-law or statutory idea of a nuisance. *1388 And the things or acts complained of must come within the legal notion of a nuisance; and where it does not, no authority to remove or abate it is derived from an ordinance declaring it a nuisance. Board v. Norman, 51 La.Ann. 736, 25 So. 401; De Blanc and Landry v. Mayor, etc., 106 La. 680, 31 So. 311, 56 L.R.A. 285; City of N. 0. v. Lagasse, 114 La. 1055, 38 So. 828."
In Leiderkrantz the Court struck down an ordinance declaring a bowling alley a public nuisance because the complainants were motivated by a resentment of the society. (They bowled on Saturday and Sunday nights.) The evidence failed to establish the operation of the bowling alley disturbed the neighbors either in the possession or the enjoyment of their property to a sufficient degree to warrant it being abated as a nuisance.
Appellant argues that the majority of complaints stem from activities of the patrons of the car wash and not from the operation per se. He states he offered to press charges against offending individuals. However appellant would place the burden of supervising his business on the neighbors and the town police. Plaintiff has conceded the lot on which he runs his car wash is too small to accommodate the business thus there is nothing that can be done to alleviate the spray and dirt blowing onto adjacent property. Through the months during which he received notice from the council, plaintiff did not make any attempt to limit his business operation to reasonable hours. Once he offered to turn off the lights so that people would not come at night. It is not clear when this was done and if it was done on a permanent basis. There is some testimony that people would use flashlights to wash their cars. (It seems that a more effective way to discourage patrons from nighttime usesome are there after midnightwould have been to turn off the water and the power to the vacuum.)
Finally, we note the plaintiff's argument he was deprived of equal protection of the law and point out that the ordinance did not legislate against car wash operations in the Lutcher area. It simply stated that as plaintiff operates his car wash on Second Avenue it is and has been a public nuisance.
For the reasons assigned the judgment appealed from is affirmed. The 120 days permitted by the trial court judgment have expired during the pendency of this appeal and therefore the car wash is to cease operations when this case becomes final. Plaintiff is to pay all costs.
AFFIRMED.